THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ADT, LLC d/b/a ADT SECURITY SERVICES, <br><br> Defendant. | CASE NO. C18-0905-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion for summary judgment and for attorney fees (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Plaintiffs International Brotherhood of Electrical Workers, Local Union No. 46, and Local Union No. 76 are unions who are parties to a collective bargaining agreement ("CBA") with Defendant ADT, LLC d/b/a ADT Security Services. (Dkt. No. 1 at 1–2.) The CBA governs residential and small business installers and technicians who work out of Defendant's Bothell and Tacoma facilities. (*Id.* at 2.) The CBA contains a grievance and arbitration procedure for the resolution of disputes arising under the agreement. (Dkt. No. 15-1 at 7–8.)

Plaintiffs filed a grievance alleging that Defendant violated the CBA by changing from

weekly pay to biweekly pay. (Dkt. No. 15-2 at 2–3.) The parties were unable to resolve the grievance in the preliminary steps of the grievance and arbitration procedure, so arbitration followed. (*Id.* at 3.) An arbitration hearing was held on January 23, 2018, and the parties submitted post-hearing briefs on the matter. (*Id.* at 3–4.) On March 19, 2018, the arbitrator sustained the grievance and ordered that Defendant "return the employees to a weekly pay frequency as soon as is practicable." (*Id.* at 16.) The arbitrator stated that he would "remand all other remedial issues, if any, to the parties for negotiations in the first instance, reserving jurisdiction to resolve any issues of remedy the parties are unable to resolve on their own." (*Id.* at 15.)

On May 2, 2018, Plaintiffs contacted Defendant to ask why Defendant had not yet complied with the arbitrator's award. (Dkt. No. 22-1 at 6–7.) Although, at this time, Plaintiffs and Defendant were in extensive negotiations about the entire CBA (Dkt. No. 19-1 at 23–24), Defendant did not respond to Plaintiffs' question about compliance with the arbitrator's award (Dkt. No. 22-1 at 5–6). On May 8, 2018, Plaintiffs contacted the arbitrator to inform him that Plaintiffs believed Defendant would not comply. (*Id.*) The arbitrator perceived the dispute to be one of compliance or enforcement, rather than one of implementation of a remedy. (*Id.* at 5.) The arbitrator understood his jurisdiction to be only over implementation of a remedy, and not over compliance or enforcement. (*Id.*)

After receiving a response from Plaintiffs contradicting that interpretation, the arbitrator contacted all parties saying that Plaintiffs were "contending that [Defendant's] alleged refusal to comply with the Award implicates a dispute over 'implementation' of the award, a subject typically considered to be included within an arbitrator's reservation of remedial jurisdiction." (*Id.* at 3–5.) The arbitrator asked for a response from Defendant. (*Id.*) Defendant responded that the arbitrator did not have jurisdiction over the dispute and that Defendant would not consent to the arbitrator's jurisdiction. (*Id.* at 3.) At that point, the arbitrator concluded that the proper way to remedy the problem would be to seek a § 301 action by Plaintiffs to enforce the award or by

Defendant to vacate it, pursuant to 29 U.S.C. § 185 (the "Labor Management Relations Act"). (*Id.* at 2.)

Defendant did not file suit to vacate the award, but Plaintiffs filed suit to enforce it. (*See* Dkt. No. 1.) Plaintiffs move for summary judgment to enforce the arbitrator's award and for attorney fees. (Dkt. No. 14.)

**II.    DISCUSSION**

**A.    Summary Judgment Legal Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if the fact "might affect the outcome of the suit under the governing law." *Id.* At the summary judgment stage, evidence must be viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

**B.    Enforcement of Arbitration Award**

"Section 301 of the Labor Management Relations Act authorizes the district courts to enforce or vacate an arbitration award entered pursuant to a collective bargaining agreement." S*heet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., of Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996). A party's failure to timely petition an unfavorable award "bars the party from asserting affirmative defenses in a subsequent proceeding to confirm the award." *Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty. v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir. 1983). In Washington, if a party wishes to vacate an arbitration award, that party must move to do so within 90 days of receipt of the award. Wash. Rev. Code § 7.04A.230(2).

Defendant received notice of the arbitrator's decision and award on approximately March

20, 2018. (Dkt. No. 22-1 at 7.) If Defendant wished to challenge the award, it needed to move this Court to do so no later than June 18, 2018. *See* Wash. Rev. Code § 7.04A.230(2). Defendant did not move the Court to vacate the award and thus, it is barred from asserting affirmative defenses against Plaintiffs' motion to enforce the award. *See Bhd. of Teamsters & Auto Truck Drivers*, 708 F.2d at 490. Nevertheless, Defendant argues a variety of defenses, including that (1) implementation of the award was not yet practicable for a variety of reasons, (2) the case should be remanded so that the arbitrator can determine what he meant by "as soon as is practicable," (3) Defendant has not failed to comply with the award because the parties are currently bargaining about the entire CBA, and (4) Defendant was allowed to ignore the award and implement its last offer of biweekly pay because of impasse. (Dkt. No. 18.) Defendant is barred from arguing impracticability, impasse, or any other defenses to the Court. *See Bhd. of Teamsters & Auto Truck Drivers*, 708 F.2d at 490. Because Defendant did not timely petition the arbitrator's award and because Defendant has failed to return the employees to a weekly pay frequency, there is no genuine dispute of material fact regarding whether the award should be enforced.

At the same time, the Court may not improperly substitute its interpretation of the arbitration award for that of the arbitrator. *See Sunshine Mining Co. v. United Steelworkers of Am., AFL-CIO*, 823 F.2d 1289, 1295 (9th Cir. 1987); *Hanford Atomic Metal Trades Council, AFL-CIO v. Gen. Elec. Co.*, 353 F.2d 302, 307–08 (9th Cir. 1965). Courts should not interpret or enforce ambiguous awards, unless the ambiguity can be resolved from the record. *See Prof'l Staff Org.–Or. v. Or. Educ. Ass'n*, 2014 WL 6388553, slip op. at 4 (D. Or. 2014) (citing *Hanford*, 353 F.2d at 307).

Here, the arbitrator's award required Defendant to "return the employees to a weekly pay frequency *as soon as is practicable*." (Dkt. No. 15-2 at 16) (emphasis added). Defendant argues that compliance is not practicable at this time. (Dkt. No. 18.) Whether and when it is practicable for Defendant to return the employees to a weekly pay frequency is for the arbitrator, and not this

Court, to decide. *See Sunshine Mining*, 823 F.2d at 1295. The arbitrator's use of "as soon as is practicable" added ambiguity to the award that the Court cannot resolve from the record. Therefore, the case should be remanded to the arbitrator to determine when it is practicable for Defendant to return the employees to a weekly pay frequency. The Court GRANTS Plaintiffs' motion to enforce the arbitration award and REMANDS the case to the arbitrator to determine when it will be practicable for the award to be enforced.

### C.     Attorney Fees

Ordinarily, a prevailing litigant may not collect attorney fees, unless there is statutory or contractual authority to do so. *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). A court may, however, award attorney fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). The Ninth Circuit has held that "an unjustified refusal to abide by an arbitrator's award may equate [to] an act taken in bad faith, vexatiously or for oppressive reasons." *Id.*

Amongst other arguments, Defendant argues that it is not practicable to implement the award at this time and that the Court should remand the issue of practicability to the arbitrator. (*See* Dkt. No. 18.) This argument is made in bad faith. Plaintiffs raised the issue of implementation with the arbitrator, who then gave Defendant a chance to present the arbitrator with facts and arguments about the award's implementation. (*See* Dkt. No. 22-1 at 3–6.) Defendant did not respond to the implementation issue and instead asserted that the arbitrator did not have jurisdiction over the matter. (*Id.* at 3.) As a consequence, Plaintiffs were forced to seek this Court's enforcement of the arbitrator's award. (Dkt. No. 1.) Now, Defendant has reversed course and argues that the Court should remand to the arbitrator to determine implementation, in light of practicability—a subject Defendant previously argued the arbitrator could not resolve. (*See* Dkt. Nos. 18, 22-1 at 3–4.) And for reasons explained above, this issue must now go back to the arbitrator for implementation, in light of practicability, to be determined. *See supra* Section

II.B. Defendant cannot—in good faith—argue both (1) that the arbitrator does not have jurisdiction to determine the award's implementation and (2) that this Court cannot determine the practicability of the award's implementation because that is an issue for the arbitrator to decide. Defendant shall reimburse Plaintiffs only for the cost of filing this lawsuit to enforce the arbitration award. Plaintiffs' motion for attorney fees is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment and for attorney fees (Dkt. No. 14) is GRANTED. The case is REMANDED to the arbitrator to determine when the enforcement of the award is practicable.

Plaintiffs are required to submit a detailed motion for attorney fees to the Court by January 3, 2019. If Defendant chooses to respond, it should be limited to the issue of the reasonableness of the fee. The motion shall comply with Local Civil Rule 7.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE